**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **IN RE:** | **CASE NO. 17-43059-tjt** |
| **THERESA EDWARDS,** | **CHAPTER 7** |
| **Debtor** | |
| **THERESA EDWARDS,** **Plaintiff,** | **ADVERSARY COMPLAINT NO. _______________** |
| **vs.** | |
| **GLELSI; and NAVIENT SOLUTIONS, INC.,** **Defendants.** | |

**<u>COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS</u>**

1. This is an adversary proceeding brought under the Bankruptcy Code, 11 U.S.C. §523(a)(8)(A)(i) and (B) to determine the dischargeability of qualified education loans ("student loans"), as defined in 23 USC §221(d)(1).

2. The Debtor filed this case under Chapter 7 of the Bankruptcy Code on March 6, 2017. This Court thus has jurisdiction over this action under 28 U.S.C. §1334. This proceeding is a core proceeding. The Chapter 7 Trustee is Michael Stevenson, 26100 American Drive, Suite 500, Southfield, MI 48034.

3. The Defendant, Navient Solutions, Inc. is believed to be a corporation with its principal place of business located at P.O. Box 9500, Wilkes-Barr, PA 18773.

4. The Defendant, GLELSI is believed to be a corporation with its principal place of business located at P.O. Box 7860, Madison, WI 53707.

FILED
2017 MAR 10 P 12: 55
U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

5. Plaintiff's present indebtedness on her student loans with Navient Solutions, Inc. is approximately $153,000.00.

6. Plaintiff's present indebtedness on her student loans with GLESI is approximately $57,900.00.

7. The Plaintiff's household net income consists of $1,689.00 per month from her job as a social worker for Martha T Berry Medical Care in Macomb County. The household contains Plaintiff and daughter, a minor child.

8. The Plaintiff and dependent's basic monthly living expenses are $2,401.00.

9. Plaintiff 's income and expected future income is and will be barely adequate for them to afford the basic necessities of life, as the Plaintiff will have little-to-no disposable income. As such, she lacks the ability to repay the student loan debt to the Defendants, and, any payments she would make would create a great hardship on the Plaintiff.

10. Excepting the student loans from Discharge will impose an undue hardship on the Plaintiff.

11. Excepting the student loans from Discharge will, when Debtor is unable to make the payments required by the Defendants, cause the Debtor to default on her student loans, and subject them to collection activities, possibly including, but not limited to: lawsuits; wage garnishment; ruined credit; collection calls & letters; tax refund intercept; and substantial additional fees & interest added to the balance. Debtor is being forced into a situation where default on her student loans is not just likely, but all but guaranteed, will serve to frustrate the "fresh start" of her Bankruptcy Discharge, and, as such, undermine the entire purpose of the Bankruptcy process.

12. The Debtor's eventual default, and being subject to subsequent collection activity, will serve to only increase the undue hardship on the Debtor, although at that point in time, not only will she be unable to seek protection under Chapter 7, but also Chapter 13.

13. Congress intended student loan debts to be dischargeable when not doing so would serve to frustrate the "fresh start" of the Bankruptcy Discharge, and, as such, undermine the entire purpose of the Bankruptcy process by causing an undue hardship on Debtors, as evidenced by 11 U.S.C. §523(a)(8)(B).

14. As of the date of filing this Adversary, Defendants have refused to offer any reasonable payment option for the Debtor.

15. Although not actually required by any applicable statute or code section, Debtor has made a good faith effort to repay the student loan debts in question.

16. Any of the loans above described as private student loan debts owed to the Defendants, are also dischargeable under 11 U.S.C. §523(a)(8)(B), because they are not "qualified student loans" used solely for Plaintiff's Cost of Attendance at her schools.

WHEREFORE, the Plaintiff respectfully prays the Court declare the subject student loans dischargeable under 11 U.S.C. §523(a)(8), and further relief as the Court may deem just and proper.

Respectfully submitted,

Theresa Edwards 3-10-17

Theresa Edwards
30606 Sandhurst, No. 207
Roseville, MI 48066
Debtor and Plaintiff

Theresa Edwards
March 10, 2017

FORM 1040 (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Theresa Edwards | **DEFENDANTS**<br>(1) Navient Solutions, Inc.; and (2) GLELSI |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Theresa Edwards, pro se, 30606 Sandhurst, No. 207<br>Roseville, MI 48066 (313) 539- 5309 | **ATTORNEYS** (If Known)<br>NOT KNOWN AT THIS TIME |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Determine Dischargeability of Student Loan Debt (Bankruptcy Code Section 523(a)(8))

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☒ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – reinstatement of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED
2017 MAR 10 P 12: 54
U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
REQUESTING JUDGMENT THAT THE STUDENT LOAN DEBT IS DISCHARGEABLE IN THE DEBTOR'S PRESENTLY PENDING CHAPTER 7 CASE AS AN UNDUE HARDSHIP.

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>THERESA EDWARDS | | BANKRUPTCY CASE NO.<br>17-43059-tjt |
| DISTRICT IN WHICH CASE IS PENDING<br>EASTERN DISTRICT OF MICHIGAN | DIVISIONAL OFFICE<br>DETROIT | NAME OF JUDGE<br>THOMAS J. TUCKER |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>NONE | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>Theresa Edwards | | |
| DATE<br>March 10, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Theresa Edwards | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.